The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 01:56 PM November 19, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARTIN L. MYERS, | ) | CASE NO. 11-61426 |
| | ) | |
| Debtor. | ) | ADV. NO. 13-6065 |
| | ) | |
| ANTHONY J. DEGIROLAMO, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| DEVONSHIRE FUND, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    When Plaintiff filed his complaint, he included "John Does 1-5 (Names Unknown)," "John Does 6-10 (Names Unknown)," and "John Does 11-15 (Names Unknown)" (combined, the "Doe Defendants") as defendants in the action, alleging they were transferees or subsequent transferees of Debtor's property or interests in property, or "unknown affiliates of Devonshire, DFG, and/or DFGA, or unknown persons affiliated with Defendant Philip A. Cargnino." (Comp. ¶ 12, ECF. No. 1-1). Defendant Martin L. Myers moves to now dismiss the Doe Defendants under Bankruptcy Rule 7004.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

The court recently set forth the law that applies to Defendant's motion to dismiss in a related adversary case, <u>DeGirolamo v. Primary Colors Design Corp. (In re Myers)</u>, Case No. 11-61426, Adv. No. 13-6067 (Bankr. N.D. Ohio November 19, 2013). The same law and many of the same considerations apply to the facts in the instant matter.

Looking at the five considerations previously outlined, the court will exercise its discretion to allow Plaintiff additional time to name and serve the Doe Defendants. Plaintiff faces severe prejudice if the case is dismissed because the statute of limitations has expired. Although Plaintiff failed to prevent a lapse of the 120 day deadline in Rule 4(m), and has still not named the Doe Defendants, who may or may not know of this action, the prejudice to the other defendants in this case is nominal.

Discovery in this proceeding is not scheduled to conclude until April 23, 2014 and no trial date has been set. The court only recently ruled on a separate motion to dismiss. Although Plaintiff had two years leading into this action, as well as the time the action has been pending, to determine the names of the Doe Defendants, the deposition of Debtor's accountant and financial advisor, Scott Snow, is only now occurring. Plaintiff recently obtained paper discovery following an in camera inspection concluded by the court in August 2013. Coupled with the severe prejudice dismissal would have on Plaintiff, the court finds an extension should be granted. The court will exercise its discretion to extend the time to identify and serve the Doe Defendants. Plaintiff shall have until **January 22, 2014** to name and serve the Doe Defendants. The motion to dismiss the Doe Defendants will be denied by a separate order entered contemporaneously herewith.

It is so ordered.

#     #     #

**Service List:**

Chrysanthe E Vassiles
Gordon D Woolbert, II
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702\

Douglas A Dymarkowski
5431 Main Street
Sylvania, OH 43560

Marvin A Robon
Barkan & Robon Ltd.
1701 Woodlands Drive
Suite 100
Maumee, OH 43537-4092

Susan L Rhiel
394 E Town St
Columbus, OH 43215

Richard K Stovall
Allen Kuehnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215